UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-02493-SVW-SHK | Date | April 1, 2025 |
|---|---|---|---|
| Title | *Patricia Lynn McKenrick v. Evanston Insurance Company et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]

### I.   Introduction

Before the Court is a motion to remand brought by Plaintiff Patricia Lynn McKenrick ("Plaintiff"). Plaintiff's Motion to Remand, ECF No. 9 ("Mot."). For the following reasons, the motion to remand is GRANTED.

### II.   Factual and Procedural Background

Plaintiff, a California resident, owned and had an insurable interest in the real property located at 221 West Hold Boulevard, Ontario, CA 91762 ("Property"). Complaint, ECF No. 1-2 ("Compl.") ¶ 1. Plaintiff's claims in this case arise out of the insurance policy ("Policy") for the Property issued by defendant Evanston Insurance Company ("Evanston"), which is an insurance company incorporated in Illinois and with its principal place of business in Illinois. *Id.* ¶ 7; Notice of Removal, ECF No. 1 ("Notice") ¶ 5. Defendant Steve Bluemel ("Bluemel," collectively with Evanston, "Defendants") is a California resident who is an insurance adjuster for insurance carriers in California. Compl. ¶ 3.

Plaintiff alleges that a vehicle drove into the Property, causing significant damage, and that Evanston paid a grossly inadequate amount to compensate for that damage, in part based on various misrepresentations made by Bluemel. *Id.* ¶¶ 9, 37-58. Because of these events, Plaintiff, on June 22, 2022,

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-02493-SVW-SHK | Date | April 1, 2025 |
|---|---|---|---|
| Title | *Patricia Lynn McKenrick v. Evanston Insurance Company et al* | | |

filed a complaint in state court bringing three claims: 1) breach of contract against Evanston; 2) breach of the implied covenant of good faith and fair dealing against Evanston; and 3) negligent misrepresentation against Bluemel.[1] *Id.* ¶¶ 37-58. Plaintiff's complaint seeks damages in a sum exceeding $1,600,000. *Id.* ¶ 45.

On November 21, 2024, more than two years after commencement of the action, Evanston removed the case to this Court. Notice. Despite the lack of complete diversity, Evanston contends that diversity jurisdiction is present because Bluemel is a sham defendant joined only to avoid federal diversity jurisdiction and the amount in controversy requirement is satisfied. *Id.* ¶¶ 1-10. Evanston further contends that it only became aware that Bluemel was a sham defendant joined in bad faith because of admissions made by Plaintiff in her deposition taken on October 23, 2024. *Id.* ¶¶ 11-15.

The notice of removal avers that in Plaintiff's deposition, she admitted that she had little communication with Bluemel, and that lack of communication was the source of her dissatisfaction with Evanston. *Id.* ¶¶ 18-20. In response to questions about Bluemel's alleged misrepresentations, Plaintiff identified only personal derogatory statements Bluemel made to Plaintiff's counsel and that she felt Bluemel was "out of line and not a good representative of the company." *Id.* ¶ 22. She further testified that she never had any discussions with Bluemel about the scope or cost of repairs to the building and had never seen the repair estimate Evanston and Bluemel prepared. *Id.* ¶ 24. Evanston contends these admissions demonstrate that the claim against Bluemel lacks factual support, that Bluemel never should have been joined, and that Plaintiff joined Bluemel "based on personal animus and an attempt to gain unlawful tactical advantage." *Id.* ¶¶ 30-31.

On December 20, 2024, Plaintiff moved to remand the case to state court, contending that the claims against Bluemel are live and meritorious, Bluemel was not fraudulently joined, and that therefore Defendant's removal was improper. Mot. Defendant opposes the motion, arguing that Bluemel is a sham defendant and that therefore its removal was proper and timely. Opposition to Motion to Remand, ECF No. 17 ("Opp.").

---

[1] Previously, Plaintiff's first and second claims were also brought against another defendant, Markel Service, Inc ("Markel"). Notice ¶ 6; Compl. ¶¶ 37-52. However, not only is Markel no longer part of the case, it is incorporated in Virginia and has its principal place of business in Virginia, meaning its presence also did not destroy complete diversity. Notice ¶ 6. Therefore, Markel plays no part in this Court's analysis of the present motion to remand.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-02493-SVW-SHK | Date | April 1, 2025 |
|---|---|---|---|
| Title | *Patricia Lynn McKenrick v. Evanston Insurance Company et al* | | |

### III. Legal Standard

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). A removing defendant bears the burden of proving that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal, courts must resolve that doubt in favor of remanding the action to state court. *Id.*

Under 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "Because 'the removing defendant has always borne the burden of establishing federal jurisdiction' ... the defendant bears the burden of proving that the plaintiff acted in bad faith." *Lindquist v. Target Corp.*, 2020 WL 789568, at *1 (N.D. Cal. Feb. 18, 2020) (quoting *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006)).

### IV. Discussion

The Court finds that Evanston has not carried its burden to demonstrate that Plaintiff named Bluemel as a defendant in bad faith. Therefore, Evanston's removal of the case to this Court was untimely and the case must be remanded to state court. The Court further finds that Evanston's removal of the case was not objectively unreasonable and declines to award attorney's fees to Plaintiff.

#### A. Bad Faith Exception

Because Evanston's removal of the case comes more than one year after the action was commenced, Evanston's removal can be proper only if Plaintiff acted in bad faith.

The Ninth Circuit has not yet articulated a standard for evaluating "bad faith" under Section 1446(c)(1), but lower courts "generally have found that it sets a high threshold." *See Craig v. Universum Commc'ns, Inc.*, 2020 WL 4590597, at *4 (N.D. Cal. Aug. 11, 2020) (cleaned up); *Daligcon v. Bank of Am., N.A.*, 2021 WL 1329450, at *6 (D. Haw. Apr. 9, 2021) ("The Ninth Circuit

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-02493-SVW-SHK | Date | April 1, 2025 |
| Title | *Patricia Lynn McKenrick v. Evanston Insurance Company et al* | | |

has not articulated a standard for evaluating bad faith under § 1446(c)(1), but district courts in the Ninth Circuit have stated that defendants face a high burden to demonstrate that a plaintiff acted in bad faith to prevent removal.") (cleaned up).

In this district, "[i]n determining bad faith, courts have generally inquired whether the plaintiff engaged in strategic gamesmanship designed to keep the case in state court until the one-year deadline has expired." *Torres v. Honeywell, Inc.*, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021). As a part of that inquiry, courts have considered the timing of naming the non-diverse defendant and whether the plaintiff actively litigated the case in "any capacity" against a non-diverse defendant. *Id.* "Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1446(c)(1) strongly suggest[s] intentionality and purpose." *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021) (cleaned up).

Here, Evanston cannot carry its burden to meet the high threshold of showing that Plaintiff acted in bad faith in naming Bluemel. Though Evanston makes an argument that the claims against Bluemel lack merit, there are no indications that, even if those claims do in fact lack merit, they were brought solely for the purpose of preventing removal.

*First*, Plaintiff named Bluemel in her initial complaint and never dismissed him from the case. Bad faith has been found where a plaintiff added a non-diverse defendant in response to a defendant's attempt to remove an action and subsequently dismissed that defendant shortly after the deadline for removal expired or when a plaintiff offered inconsistent explanations as to why a defendant dismissed after the removal deadline was not dismissed sooner. *See NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *4 (E.D. Cal. Apr. 28, 2014), *report and recommendation adopted*, 2014 WL 2619599 (E.D. Cal. June 6, 2014); *Heller v. Am. States Ins. Co.*, No. CV159771DMGJPRX, 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016).

Here, not only was Bluemel not named in response to any attempt to remove the case, but he was *never* dismissed. Other district courts have found that the dismissal of a non-diverse defendant even just two to three months after the deadline for removal to be sufficient time to indicate a plaintiff did not act in bad faith. *See NKD Diversified Enterprises, Inc.*, 2014 WL 1671659, at *4; *Hamilton San Diego Apartments, LP v. RBC Cap. Markets, LLC*, No. 14CV01856 WQH BLM, 2014 WL 7175598, at *5 (S.D.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-02493-SVW-SHK | Date | April 1, 2025 |
|---|---|---|---|
| Title | *Patricia Lynn McKenrick v. Evanston Insurance Company et al* | | |

Cal. Dec. 11, 2014). Here, where Bluemel was *never* dismissed, the circumstances indicate even more strongly that Plaintiff did not act in bad faith in naming him as a defendant.

*Second*, Plaintiff has litigated the case against Bluemel. Evanston points out that Plaintiff delayed in serving discovery on Bluemel until around two years into the case and argues that this lengthy delay demonstrates that Plaintiff has not actively litigated the case against Bluemel. Opp. at 14. However, the proper inquiry is not whether Plaintiff has zealously or vigorously litigated the case against Bluemel, but whether Plaintiff has litigated the case against Bluemel "in any capacity." While bad faith has been found where a plaintiff dismissed a defendant without conducting *any* discovery, even "bare minimum" discovery attempts have been considered to not amount to bad faith. *NKD Diversified Enterprises, Inc.*, 2014 WL 1671659, at *5.

Here, Plaintiff did serve discovery requests on Bluemel. Importantly, this discovery was served on Bluemel both *after* the one-year deadline for removal and *before* any hint of Evanston removing the case, strongly indicating the requests were not propounded merely for purposes of gamesmanship with the removal deadline. *See* Opp., Ex. C (interrogatories and discovery requests served by Plaintiff on Bluemel on September 3, 2024). This delay may be explained by any number of reasons aside from Plaintiff's bad faith, such as Plaintiff or her counsel reasonably making the tactical choice to focus her litigation efforts on Evanston first, given that the case centers around the insurance policy issued by Evanston, the insurer. Finally, Evanston itself admits that it did not take Plaintiff's deposition until after Plaintiff served these discovery requests on Bluemel. Notice ¶ 15 ("Plaintiff's deposition occurred on October 23, 2024."). Certainly Evanston does not argue or admit that it was not actively litigating the case against Plaintiff in any capacity. It is difficult to fathom how Plaintiff's delay in serving discovery on Bluemel, a lesser delay than Evanston's delay in deposing Plaintiff, could serve to support a finding of bad faith by Plaintiff.

In sum, Evanston has at most shown that Plaintiff's primary claims lie against Evanston rather than Bluemel. It has in no way shown that Plaintiff's asserted claim against Bluemel was brought for the purpose of preventing the exercise of diversity jurisdiction. Evanston's removal comes over two years after the commencement of the case, and over a year after the ultimate deadline for removal in any instance aside from a showing of bad faith. If Evanston believes the claim against Bluemel lacks merit, that may

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-02493-SVW-SHK | Date | April 1, 2025 |
|---|---|---|---|
| Title | *Patricia Lynn McKenrick v. Evanston Insurance Company et al* | | |

warrant a summary judgment motion as to that claim.[2] However, because Evanston fails to carry its burden to demonstrate that the claim against Bluemel was brought in bad faith, any further motion must take place in state court on remand, as this Court lacks removal jurisdiction.

    **B.**    **Plaintiff's Request for Attorneys' Fees**

In her motion to remand, Plaintiff seeks attorneys' fees in the amount of $5,280.00. Absent unusual circumstances, a court may award costs and attorneys' fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, where an objectively reasonable basis for removal existed, attorneys' fees may not be granted. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (removal will not be deemed objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

Plaintiff does not contend that any unusual circumstances were present; therefore, the Court may award Plaintiff attorneys' fees only if Evanston lacked an objectively reasonable basis for seeking removal. Evanston points to Plaintiff's deposition as essentially admitting that the claim against Bluemel lacked merit and that it was only ever brought to prevent removal. Although the Court disagrees with Evanston's position, Evanston appears to have had at least some reasonable basis for its position. Therefore, the Court finds that it is inappropriate to award the attorneys' fees requested by Plaintiff.

**V.**    **Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.

**IT IS SO ORDERED.**

---

[2] Indeed, Evanston's removal forestalled adjudication of Bluemel's state court summary judgment motion. *See* Opp., Ex. A.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |